## DONEGAN v. STATE. (8 Div. 20.)

(Court of Appeals of Alabama. April 3, 1923.)

**1. False pretenses ⚖=51 — Evidence held to justify refusal of affirmative charge.**

In prosecution for obtaining money by false pretenses, where there was conflicting testimony as to whether the defendant's statements that a mare and a cow on which he secured a loan were free from incumbrances, it presented a jury question, and defendant's request for the affirmative charge was properly refused.

**2. False pretenses ⚖=52 — Objection to instruction as to mortgagor's statements being false representation held without merit.**

In prosecution for obtaining money by false pretenses, where part of the state's evidence was that defendant's horse and cow were mortgaged when he obtained another loan on them, an objection to the oral charge that, if defendant executed the mortgage and subsequently made representation that the horse and the cow were unincumbered, when in fact they were, it would be a false representation, was without merit.

**3. Criminal law ⚖=829(1)—Refusal of charge covered by charge given not error.**

The refusal of a charge covered by an oral charge given is not error.

**4. Criminal law ⚖=814(3)—Refusal of charge not predicated on evidence not error.**

To refuse a charge not predicated on evidence is not error.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Rufus Donegan was convicted of obtaining money under false pretenses, and he appeals. Affirmed.

The defendant objected to this portion of the court's oral charge:

"Did he execute that mortgage and did he subsequently make this representation to Mr. Pender, that this horse and this cow was unincumbered, when in fact they were? If he did that, then, would be a false representation."

Charge 4, refused to defendant, reads:

"If the jury have a reasonable doubt that at the time the defendant got the money he did not have the intent to defraud, then you should find the defendant not guilty."

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel argue that no error intervened on the trial, but cite no authorities.

BRICKEN, P. J. From a judgment of conviction for the offense of obtaining money, etc., under false pretense (felony), the defendant appeals.

The testimony of the state tended to show that this defendant did falsely pretend to state witness John Pender, with intent to defraud, that certain personal property, to wit, a red mare eight years old named Annie and a jersey cow five years old named Maria, was his property, and that said personal property was free from all incumbrance, and by means of such false pretense did obtain from the said John Pender $75. There was testimony offered by the state which also tended to show that this identical property had a short time previously thereto been mortgaged by defendant to one Cartwright. These transactions, it appears, happened within the time covered by the indictment.

[1] The defendant, on the other hand, offered testimony which tended to show that the property in question was not included in the Cartwright mortgage; that said mare and cow had died, etc. This conflict in the testimony presented a jury question; the affirmative charge requested by the defendant was therefore properly refused.

[2-4] The rulings of the court upon the testimony were without error. The exceptions reserved to a portion of the oral charge of the court are without merit. And refused charge 4 was covered by the oral charge. It was properly refused also for the reason that it was not predicated upon the evidence.

No error appears in the record; therefore the judgment of the circuit court is affirmed.

Affirmed.